NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN E. ALEXANDER, | : | Hon. Robert B. Kugler |
| Plaintiff, | : | Civil No. 03-2163 (RBK) |
| v. | : | |
| CHARLES LEONE, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES**:

    KEVIN E. ALEXANDER, #514736, Plaintiff pro se
    Northern State Prison
    168 Frontage Road
    P.O. Box 2300
    Newark, NJ 07114

**KUGLER**, District Judge

    Plaintiff Kevin Alexander, a prisoner who is confined at Northern State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty and accompanying prison account statement, the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $150.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections to deduct an initial partial filing fee from Plaintiff's prison account and forward the payment to the Clerk when funds are available; and (5) directs the New Jersey Department of Corrections to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $150.00 filing fee is paid in full. See 28 U.S.C. § 1915(a),

(b). Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.  BACKGROUND

Kevin Alexander asserts violations of his constitutional rights under 42 U.S.C. § 1983 arising from his incarceration at Bayside State Prison ("Bayside") in 2002 and 2003. The named Defendants are Charles Leone, the Administrator of Bayside, New Jersey Department of Corrections ("DOC") Commissioner Devon Brown, and James Dutch, the System Program Coordinator at Bayside. (Compl. ¶ 2.)

Plaintiff complains that Bayside officials impeded his access to the courts by failing to loan him money to cover the cost of mailing his legal documents via certified mail. Alexander argues that Bayside should have offered a legal mail loan program for non-indigent inmates similar to the legal copy loan program, which would allow inmates to mail legal correspondence using the inmate's preferred method of mail delivery. (Id. ¶ 12.)

Plaintiff further asserts that on or about March 30, 2003, he filed an inmate interview request which was rejected by James Dutch, the Bayside System Program Coordinator. (Compl. ¶ 13.) Frustrated with Dutch's rejection, Plaintiff allegedly filled out an administrative remedy request addressed to the DOC Commissioner complaining about Dutch's consistent denial of inmate interview requests. (Compl. ¶ 13.) Plaintiff alleges that, instead of delivering the remedy request to the Commissioner of the DOC, Dutch responded to the remedy request himself. (Compl. ¶¶ 6, 13.) Plaintiff argues that Dutch thereby impeded his right to petition the government for a redress of grievances by answering the remedy request instead of delivering it Alexander's preferred recipient, DOC Commissioner Brown.

Next, Plaintiff asserts that Defendants violated his constitutional rights by failing to provide an adequate law library and by limiting access to the library's materials. (Id. ¶ 16.) According to Plaintiff, Bayside limits both the number of inmates allowed to use the library at one time (limit of five) and the general hours the library is open (three hours at the most per day). In addition, Plaintiff complains that Bayside only provides two working typewriters for inmates to prepare their correspondence. (Id.) He states that, as a result of these deficiencies, he was not able to adequately research and prepare complaints and that Bayside officials thereby limited his access to the courts. (Id.) Plaintiff alleges that prison officials also violated his right of access to courts by opening and inspecting incoming legal correspondence outside his presence on 16 occasions in 2002 and 2003. (Compl. ¶ 17; Br. in Supp. of Application for Prelim. Inj. at 2).

Plaintiff seeks injunctive relief and damages for violation of his constitutional rights and 42 U.S.C. § 1983.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee. The PLRA requires the Court to identify cognizable claims and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even

an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  ?A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Liberally construing Plaintiff's allegations and accepting them as true, the Court reads the instant Complaint as potentially raising the following claims under 42 U.S.C. § 1983:  (A) the failure to provide certified mail and sufficient access to the prison law library, and the opening of incoming legal mail, violated Plaintiff's right of access to the courts under the First Amendment, applicable to states through the Fourteenth Amendment, and (B) the failure to forward the administrative remedy response to the DOC Commissioner violated Plaintiff's right to petition the government for redress of grievances under the First Amendment, applicable to states through the Fourteenth Amendment.[1]

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person violated or caused deprivation of a right secured by the Constitution or laws of the United States, and that the deprivation was committed by a person acting under color of state law.[2]  See West v. Atkins,

---

[1] Plaintiff's claims of Fifth and Eighth Amendment violations are not addressed here because the complaint contains no facts supporting such claims.

[2] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,

(continued...)

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  As Defendants' operation of the jail constitutes state action within § 1983, the Court will examine Plaintiff's allegations to determine if dismissal of any claim or Defendant is required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

A.  Access to Courts

Plaintiff asserts that officials violated his right of access to the courts by refusing to loan him money to pay the cost of mailing documents by certified mail and by failing to provide adequate access to legal materials and typewriters.  (Compl. ¶¶ 12, 16.)  An inmate lacks standing to pursue an access to the courts claim unless he shows that prison conditions or prison officials' actions "hindered his efforts to pursue a legal claim."  Lewis v. Casey, 518 U.S. 343, 352 (1996).  In other words, to establish standing an inmate must show that a legal proceeding was harmed in some way by the alleged interference by prison officials or shortcomings in access to legal materials.  See Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997).  In Lewis, the Supreme Court described potential actual injuries:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied

---

[2](...continued)
 regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

>by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

Here, Plaintiff lacks standing to pursue an access to courts claim because he does not allege that the failure to loan him money for certified mail and the denial of access to legal materials hindered his pursuit of this or any other legal claim.

Plaintiff further asserts that the administration at Bayside interfered with his access to courts and violated due process by opening and inspecting his clearly marked incoming legal correspondence outside of his presence. (Compl. ¶ 17.) The Third Circuit Court of Appeals has held that inmates must demonstrate "actual injury" in order to claim prison officials impaired their access to the courts by inspecting clearly marked legal correspondence. See Oliver v. Fauver, 118 F.3d 175 (3rd Cir, 1997) (applying Lewis v. Casey "actual injury" requirement to prison staff opening inmate's clearly marked legal correspondence). In the case at bar, Plaintiff does not allege that the intrusion into his legal correspondence caused actual injury. Therefore, because Plaintiff not shown "actual injury," the Court will dismiss the access to courts claims.

B. Petition Clause Claim

Plaintiff asserts that James Dutch violated his First Amendment right to petition the government for redress of grievances by responding to an administrative remedy request directly instead of forwarding it to the DOC commissioner, as Plaintiff requested. However, the Petition Clause was not violated because the right to petition the government for redress of grievances does not include the right to receive a response from a particular official. "Nothing in the First Amendment or in . . . case law interpreting it suggests that the rights to speak, associate, and

6

petition require government policymakers to listen or respond to individuals communications." Minnesota State Bd. for Community Colleges v. Knight, 465 U.S. 271, 285 (1984).  Moreover, to the extent that Plaintiff contends that Dutch's actions violated his constitutional rights by failing to follow the procedures for processing administrative remedies established by the prison, his claim fails as a matter of law because one can have no liberty interest in a procedure.  See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).  Accordingly, the Court will dismiss the Petition Clause claim.

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(b) and dismisses the Complaint.

 s/Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.

Dated:        July 28    , 2005